CASE 84—PETITION ORDINARY—April 28.

## John C. Lewis Co. v. Scott.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

MASTER AND SERVANT—WRONGFUL DISCHARGE.—Where an employe under contract to perform services for a stipulated time is wrongfully discharged by his employer before the expiration of his term of service, the measure of damages is the contract price less what the discharged employe has earned or might by reasonable diligence have earned. And as the law does not imply loss of time and employment by reason of the discharge, the discharged employe must, in order to recover more than nominal damages, allege and prove that he has, after reasonable effort, failed to find employment, or, finding it, is not paid as much as he would have received for like services under the contract. And if the discharged employe sues before the expiration of the contemplated term of service, he takes the risk of not being able to fix

the damage or loss with certainty; he must lay the basis as best he can upon which the jury may assess the damages, and while it will be only an approximation, it is the most that can be required:

In this case, as the plaintiff did not allege that she had continued out of employment, or had sought work, she was not entitled to more than nominal damages.

W. W. THUM AND WILLSON & THUM FOR APPELLANT.

1. To entitle an employe who has been wrongfully discharged to recover, he must allege not only a breach of the contract but also that he made reasonable efforts to procure other like employment, and failed either in the effort or in the amount of compensation, and that he did not otherwise have employment of any kind, or, if so, he must allege the wages earned, and failing to make such allegations he can recover only nominal damages.   (Dufficy v. Brennan, 10 Ky. Law Rep., 637; Whittaker v. Sandifer, 1 Duv., 262; Frazier v. Clark, 88 Ky., 260; Wood v. Morgan, 6 Bush, 507; Chamberlain v. McAllister, 6 Dana, 355; Jewell v. Blandford, 7 Dana, 473; Wilson v. Barnes, 13 B. M., 331; Hayworth Co. v. Haldeman, 14 Ky. Law Rep., 202; 2 Sutherland on Damages, 474; 6 Dana, 353; Miles v. Miller, 12 Bush, 138.)

2. When it appears that the plaintiff did obtain work after her discharge, it then devolves upon her to show what she got, otherwise there is no basis upon which actual damages can be ascertained, and as special damages must be accurately measured, the verdict and judgment can not be sustained. (Dufficy v. Brennan, 10 Ky. Law Rep., 637; Whittaker v. Sandifer, 1 Duv., 262; Frazier v. Clark, 88 Ky., 260; Hearn v. Garrett, 49 Texas, 219; Hunt v. Crane. 33 Miss., 670.)

SAMUEL B. KIRBY FOR APPELLEE.

Brief withdrawn.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

If an employe is under a contract to perform service for a stipulated time and is wrongfully discharged by his employer before the expiration of his term of service, he may recover his actual damages.   He may recover nominal damages on the mere allegation of the breach of contract, but it does not follow that because he is wrongfully discharged and the contract therefore broken, he has been actually damaged to the extent of the sum he would have received under the contract.   By immediately obtaining more remunerative employment, he may have been in

fact profited by the discharge. Therefore, in bringing his action, if he has been specially damaged, that is, fail to find employment, or, finding it, is not paid as much as he would have received for like service under the contract, then he must say so, or be content with nominal damages only.

This principle was thus illustrated in Frazier v. Clark, &c., 88 Ky., 266 : " If A, with his machine, undertakes to thresh the grain of B on a named day, at a fixed price per bushel, and B declines to permit the work to be done, it does not follow as a matter of law that A can recover the contract price, less the costs of his hands, as damages. If he should employ his machine in threshing a like quantity of grain for others on the same day, with no loss of time or inconvenience by reason of B's conduct, the injury is nominal only." And because there was no allegation in the petition of any extra expense, loss of time or any special injury, that case was reversed in order that the plaintiff, if he desired, might amend his petition in that respect.

In this case, the appellee brought her action against the appellant, alleging that she had been employed by the latter for one year, at a salary of $3,500, in the capacity of modiste and dressmaker, and after serving one month without fault on her part, she had been wrongfully discharged, thrown out of employment, left without money among strangers, and greatly injured in reputation as a dressmaker, etc. Her discharge was admitted by the answer, but the cause of it was attributed to the plaintiff's incompetency. Upon the trial, occurring some seven months after her discharge, she was awarded $2,200, the verdict of the jury seeming to be for the amount due

under the contract up to that time.   And although she had not alleged that she had continued out of employment or had sought work, she was allowed to testify to that effect over the objection of the appellant.   Upon the principles announced this was clearly erroneous.   If it was to be a part of her damages that she remained out of employment after seeking it, it was incumbent on her to allege the fact, and if because she brought her suit before the expiration of the contemplated term of service, she could not fix the damage or loss with certainty, this was a burden she voluntarily assumed by bringing the suit when she did.   She must lay the basis as best she may upon which the jury may assess her damages.   It would be an approximation, but is permissible, and is the most that could be required of her and the best she could do unless she waited until the year was out.   We are aware that some of the text writers and the courts of some of the other States lay down a different rule.   Thus, in Howard v. Daly, 61 N. Y., 362, it is said: " *Prima facie,* the plaintiff is damaged to the extent of the amount stipulated to be paid.   The burden of proof is on the defendant to show either that the plaintiff has found employment elsewhere, or that other similar employment has been offered and declined, or at least that such employment might have been found.   I do not think that the plaintiff is bound to show affirmatively, as a part of her case, that such employment was sought for and could not be found."

Thus the measure of damages is the same everywhere. It is the contract price less what the discharged employe has earned or might by reasonable diligence have earned. But the rule in this State is that the burden is on the plaintiff to make out his whole case.   The law does not

imply loss of time and employment by reason of the discharge. These things are not necessarily the result of the discharge, and are in the nature of special damages and must be pleaded. It does not follow necessarily that because the servant is thrown out of employment by his wrongful discharge he will remain idle for the term he had intended to work. The law implies no such result, but if such be the result without his fault and in spite of reasonable effort to find work, he may recover the whole contract price, provided he alleges and proves that state of case. Such has been the rule in this State since the case of Whittaker v. Sandifer, 1 Duv., 262. See also Chamberlain v. McAllister, &c., 6 Dana, 358; Frazier v. Clark, &c., *supra*. Mr. Sutherland in his work on Damages recognizes this to be the rule in Kentucky (2d vol., p. 474), saying: "In some States it is held that the plaintiff must show the amount of his loss by proving his diligence to get other employment, and what he has been able to realize." He refers to cases from Mississippi, Texas, Arkansas, Kentucky and Virginia. The case of Dufficy v. Brennan (Sup. Ct., Dec., 1888), 10 Ky. Law Rep., 637, is also directly in point.

We perceive no other error in the introduction of testimony or in its exclusion. The instructions are correct. On the return of the case the plaintiff, if she desires, may amend her petition, as in its present form it does not support a judgment for other than nominal damages.

For the reasons indicated the judgment is reversed.