## Madison-Jackson-Estill Lumber & Development Company v. Coyle.

(Decided October 8, 1915.)

Appeal from Estill Circuit Court.

1. Contracts—Full Performance by One Party Prevented by the Other—When Part Performance Will Entitle Former to Recover —Quantum Meruit.—Where one party to a contract is prevented from fully performing it by an act of the other party, which compelled him to abandon it after a performance in part, for such partial performance he may recover upon a quantum meruit. If this principle were not applied the party wrongfully terminating the contract would be allowed to benefit himself at the expense of the other.

2. Appeal and Error—Report of Commissioner—Confirmation of by Court—Weight to be Given.—While, ordinarily, in an equitable action the Appellate Court will not be bound by the findings of a commissioner and judgment of a chancellor, in cases of conflicting evidence great weight will be accorded, on appeal, to the findings of the commissioner on the facts and their approval by

the chancellor; or where, on the whole evidence, the mind is left in doubt as to the truth, the chancellor's judgment will not be disturbed. A fortiori should this rule obtain where the judgment of a chancellor is based upon and in accordance with those of a competent commissioner, selected by agreement of parties to report upon the questions of fact involved in the case.

R. W. SMITH and BURNAM & BURNAM for appellant.

CLARENCE MILLER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.—Affirming.

This appeal is prosecuted from a judgment of the Estill Circuit Court in favor of the appellee, U. S. Coyle, and against the appellant, the Madison-Jackson-Estill Lumber & Development Company, for $336.79; the judgment having resulted from the confirmation of the report of a special commissioner, selected by agreement of the parties, to whom the case was referred for taking proof and reporting upon the issues involved. The litigation grew out of the alleged failure of appellant to carry out its part of a contract made with it by appellee July 1, 1910, by the terms of which the appellee, in consideration of the payment to be made him by appellant of six dollars per thousand feet for sawed lumber delivered by him at a point on Locust Branch in Estill County, where appellant had a tramroad, the money payable on the fifth of each month as the manufactured lumber was delivered, agreed to cut from a four hundred acre tract of land in Estill County and deliver to appellant's portable sawmill on the land the logs out of which the lumber was to be made; to put the logs on the skids of the mill and, after their manufacture into lumber at the mill, haul the lumber to the tramway of appellant some miles distant. He was to give his personal attention to the work and furnish the necessary hands, teams, wagons and appliances for its performance, except that appellant agreed to furnish him a tram car for use on a tramway to be constructed to and through the standing timber. The contract also provided that all the timber mentioned was to be cut and logged on or before July 1, 1911, as appellant's right to remove it expired in August, 1911. The timber standing on the four hundred acre tract of land had been purchased by appellant from appellee's father.

It was, in substance, alleged in the petition, as amended, that appellee was prevented from completing

the contract on or before July 1, 1911, by the failure of appellant to make payments on the fifth of each month during the progress of the work, as provided by the contract, which compelled him, after doing much of the work, to suspend same to such an extent that he was unable to complete it within the time mentioned, but that he made another and additional agreement with appellant, whereby he was allowed further time in which to complete the contract; following which he renewed the work, but was again compelled to suspend and altogether abandon it by reason of the renewed failures of appellant to make the payments required by the terms of the contract, and that when so compelled to abandon the contract, he had cut and delivered to appellant on the skids at the sawmill logs sufficient to make 61,123 feet of lumber, which appellant refused to saw into lumber or to operate the mill for that purpose; and that for this 61,123 feet he was entitled to receive $336.79, which appellant refused to pay. It was also alleged in the petition that by reason of appellant's failure to comply with the contract he was prevented from and unable to obtain other work for his men, teams and appliances, notwithstanding his diligent efforts to do so, to his damage in the sum of $500.00.

Appellant by answer traversed the material allegations of the petition, as amended, and by way of counterclaim alleged that appellee without cause failed to cut and deliver timber or lumber according to the contract; that by unskillful cutting of the timber and delay in removing it after cutting, much of it became sap rotten and otherwise injured, and that by his violation of the contract in the particulars mentioned appellant had been damaged in the sum of $1,100.00, for which judgment was prayed against appellee. The allegations of the counterclaim were specifically denied by reply.

Thereafter the cause, by agreement of the parties, was transferred to the equity docket and referred to the special commissioner, as before stated. The special commissioner, after taking all proof offered by each of the parties, reported to the court his conclusions of law and fact; wherein he rejected the appellee's claim of $500.00 asserted by way of damages for the loss of the use of his teams, expense in keeping them, and inability to obtain other work, resulting, as alleged, from appellant's violation of the contract and his, appellee's, deprivation of its benefits; also rejected the whole of the claim to

$1,100.00 damages asserted by the counterclaim of appellant, but found that appellee was entitled to recover of appellant upon the *quantum meruit* $336.79 for logs delivered at the sawmill sufficient to make 61,123 feet of lumber, which, at the price of six dollars per thousand feet, would amount to the sum named; it being the further finding of the commissioner that six dollars per thousand feet for the lumber to be made out of the logs in question was but a reasonable price for appellee's work. Appellant filed exceptions to so much of the commissioner's report as allowed appellee the $336.79, and disallowed the damages asserted by its, appellant's, counterclaim, but upon the hearing the circuit court overruled the exceptions, confirmed the report and entered judgment in accordance with its findings. The appellant assails the correctness of that judgment and asks its reversal.

It would be profitless to discuss in detail the evidence in the record. It shows that appellee did not, within the time fixed by the contract, or at all, complete the work it required him to perform, but that after it became apparent that he could not complete it during the year appellant granted him additional time to do so. This is clearly established by the evidence, as is the further fact that the contract in other respects was unchanged. It is appellee's contention, and his evidence conduced to show, that the contract could not be completed on his part, either within the year as fixed by it or within the additional time given him, because of appellant's violation of the contract in failing to make him the monthly payments during the progress of the work, as provided by the contract, and that such failures continued until appellee was forced to abandon the contract for the want of money to carry it out. On the other hand, it is the contention of appellant, and its evidence tended to show, that it failed at no time to make such payments as appellee was entitled under the contract to receive; that he unnecessarily delayed starting and continuing the work and that when he first complained of his inability to further proceed with it for lack of means he was then overpaid and, in point of fact, indebted to appellant. While the latter admits it granted him additional time to complete the work, it is its further contention that he thereafter did little work and finally abandoned the contract without cause.

On the points above indicated the evidence is conflicting, and as to weight so nearly at an equipoise, that it is difficult to determine in whose favor it can be said to preponderate, but in view of the care with which it was considered by the commissioner and the circuit court, whose acquaintance with the parties and witnesses gave them insight into the facts, which cannot be exercised by us, we are unable to say that the conclusion of both that appellant was in fault with respect to the non-performance of the contract is not sustained by the weight of the evidence.

The rejection by the commissioner of the item of $500.00 damages claimed by appellee was proper. While there was evidence to sustain his contention as to the loss which resulted to him from the non-use of his teams and equipment following his alleged enforced non-performance of the contract, it failed to show his inability to get other work for them, or that he was reasonably diligent in trying to get such work; consequently he failed to show himself entitled to that item of damage.

We find no cause for disagreeing with the action of the commissioner in rejecting the claim to damages asserted by appellant's counterclaim. If the latter's violation of the contract in failing to make the payments to appellee required by its terms prevented its performance by him the items of damage set up in the counterclaim resulted from the fault of appellant and were, therefore, not recoverable.

As we are unwilling to disagree with the finding of the commissioner and circuit court that appellee was compelled to quit work on the contract by reason of appellant's violation thereof, we are not at liberty to disturb the finding of the commissioner and court that appellee was entitled on the *quantum meruit* to $336.79 for work which he actually performed under the contract down to the time of his enforced abandonment of it, resulting from appellant's failure to comply with its terms. A party who has in part substantially performed his contract, and been prevented by the fault of the opposite party from fully performing it according to its terms, may recover on a *quantum meruit* for what he has done. In 9 Cyc., 688, it is said:

"According to the great weight of authority if a special agreement has been performed in part by the

plaintiff and its further performance has been prevented by the act of the defendant, the plaintiff may at his option either sue for the breach and recover damages or abandon the contract altogether and recover upon a general *indebitatus assumpsit*. And where a written contract under seal has been performed in part and its full performance has been prevented by the defendant, the plaintiff may maintain an action of covenant upon the writing, a complete performance on his part being excused by the act of the other party.    *   *   *   In order that an action may be maintained for a partial performance of a contract the defendant must have received the benefit of the partial performance. The implication of a promise in all such cases is derived from the fact that the performance has been beneficial to him.    *   *   *''

If the principle above announced were not applied the party wrongfully terminating the contract would thereby be allowed to enrich himself at the expense of the other. This doctrine has been approved in this jurisdiction in numerous cases. Escott v. White, 10 Bush, 169; Moffatt v. Mastin, 6 T. B. Mon., 600; Tandy v. Asher, 9 R., 150.

We think the evidence sufficiently shows that the $336.79 allowed appellee is reasonable in amount and not in excess of what he was entitled to receive by way of compensation for the work actually performed by him under the contract, and for which he was not paid. On the whole case we feel it our duty to let the findings of the commissioner and the judgment of the circuit court in approval thereof stand. While, ordinarily, we are not bound, in an equitable action, to accept the findings of a commissioner or judgment of the court, in cases of conflicting evidence great weight will be accorded on appeal to the findings of the chancellor on the facts, or where, on the whole evidence, the mind is left in doubt as to the truth, the chancellor's judgment will not be disturbed; and, for a greater reason, this rule should obtain where the judgment of the chancellor is based upon and in accordance with those of a competent commissioner who acted upon the case. Moore v. Moore, 30 R., 383; Gilliam v. Guffey, 142 Ky., 631; Kilgore v. English, 142 Ky., 524; Ratliff v. Atkins, 142 Ky., 447.

No cause being apparent for disturbing the judgment, it is affirmed.