## Abrams v. Jackson County Board of Education.

(Decided June 21, 1929.)

HECTOR JOHNSON for appellant.

J. J. DAVIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCAND-
LESS—Affirming.

By a writing duly executed the Jackson county board of education employed Miss Gertrude Abrams, a qualified teacher, to teach a school in subdistrict 73 in Jackson county, Ky., for a period of seven months during the school year ending June 30, 1928. She began teaching on the 11th of July, 1927, and taught continuously until the 18th of October, 1927, a period of three and one-half months. At the latter date the school building was totally destroyed by fire, without fault upon the part of any one. Miss Abrams was able to salvage the desks, which she moved into an old vacant storeroom. She notified the county board of education of the situation, and advised it that the storehouse she had procured could be renovated at a small cost and used for a school for the remainder of the term, and that it was as conveniently located as was the house which had burned. Upon consideration, the board was of the opinion that the storehouse was not suitable for a school building, that no other building suitable for school purposes could be procured, and it was too late in the season to construct a new house. It therefore entered an order allowing her payment for the three and one-half months taught and discontinuing the school for the rest of the season. The county superintendent wrote her of the board's action, and added, "I am very sorry to have the misfortune to have your school house burned, and if any teacher quits a school, I shall consider you first if you care to accept. Let me know if you will accept a position that may be open any place in the county. . . ."

To this letter she made no answer, and there is evidence that during a part of the remainder of the school year there were openings in other districts in the county in which she might have found employment, had she so desired. After the expiration of the contract period, Miss Abrams filed this action to recover $219.60, the amount of additional salary she would have earned if she had been permitted to teach according to contract; alleging that she was at all times ready, able, and willing to carry out the contract, and seeking to have the remaining time certified and allowed her. The chancellor dismissed the petition, and plaintiff has entered a motion for appeal in this court.

Under the contract, it was the duty of the board to furnish a suitable house in which to teach the school, and there is no stipulation in the contract for a cessation of the teacher's salary during such periods as the board might fail to furnish a suitable house. The destruction of a building by fire is not a vis major, but is a character of misfortune that may be anticipated, and one that could have been provided for in this contract, if the parties had intended for the teacher's salary to cease upon the school being suspended thereby. In the absence of such stipulation, the failure of the board to furnish another house in which to continue the school constituted a breach of contract. Noble v. Williams, 150 Ky. 439, 150 S. W. 507, 42 L. R. A. (N. S.) 1177; Board of Education v. Couch, 63 Okl. 65, 162 P. 485, 6 A. L. R. 740, and annotated notes to that case, page 744; McKay v. Barnett, 21 Utah, 239, 60 P. 1100, 50 L. R. A. p. 371, and annotated note, Id. 373. See, also, Vaughan v. Hindman, 145 Ky. 507, 140 S. W. 641, partially corroborating this rule.

However, the rule is well established that, when a contract for personal services is wrongfully terminated or suspended by an employer, it is the duty of the employee to minimize his damages by seeking to find similar employment in the locality, and he may not recover more than the difference between the contract price and the amount that he thus earned or could have earned by reasonable diligence. 17 C. J. 775; 8 R. C. L. p. 446; 28 A. L. R. 736; Williams v. Robinson, 158 Ark. 327, 250 S. W. 14, 28 A. L. R. 734 and annotated notes, Id.; Mount Pleasant Stable Co. v. Louis Steinberg, etc., 238 Mass. 567, 131 N. E. 295, 15 A. L. R. 751, and annotated note. This principle has been applied to school teachers. Id., 28 A. L. R. p. 754.

In many jurisdictions the duty thus imposed upon an employee to minimize his damages is a matter of defense, and the burden is placed upon the employer to prove the amount earned by the employee or that he could have earned by reasonable diligence during the period of the breach. But, as said in Lewis Co. v. Scott, 95 Ky. 487, 26 S. W. 192, 44 Am. St. Rep. 251: "The rule in this state is that the burden is on the plaintiff to make out his whole case. The law does not imply loss of time and employment by reason of the discharge. These things are not necessarily the result of the discharge, and are in the nature of special damages and must be pleaded. It does not follow necessarily that be-

cause the servant is thrown out of employment by his wrongful discharge he will remain idle for the term he had intended to work. The law implies no such result, but if such be the result without his fault and in spite of reasonable effort to find work, he may recover the whole contract price, provided he alleges and proves that state of case. Such has been the rule in this state since the case of (Whitaker) v. Sandifer, 1 Div. 262.''

Unfortunately for plaintiff, she failed to overcome this burden either in pleadings or in proof. For this reason the appeal is denied and the judgment affirmed.