# Harcourt & Co. v. Heller.

(Decided June 23, 1933.)

A. J. CARROLL and H. E. McELWAIN, Jr., for appellant.

C. E. SCHINDLER for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

Harcourt & Co. entered into a contract with I. H. Heller by which they employed him for one year from April 11, 1930, and agreed to pay him $60 a week for his services up to September 1, and $70 a week for the rest of the year. He was discharged on July 19, and brought this action to recover damages, alleging he had only earned, or been able to earn, $71.25 for the rest of the term. The amount he would have earned for the remainder of the term was $2,600. The jury found a verdict for him for $550, on which the court entered judgment. The defendant appeals.

There is no complaint of any ruling of the court in the admission of evidence or in the instruction to the jury. The only question presented on the appeal is that the verdict for $550 is palpably against the evidence and contrary to the instructions of the court, for the reason that under the evidence if the plaintiff recovered at all he should have recovered more than $550.

The court by instruction 1 told the jury to find for the plaintiff unless they believed from the evidence that he had failed to perform his contract of service in good, efficient, and workmanlike manner, and if they so believed they should find for the defendant. By another instruction the court told the jury that if they found for Heller they should award him the full amount of his salary contract for the remainder of the term

amounting to $2,600, and from this the jury should deduct "such sums as you believe from the evidence plaintiff has earned and could have earned by the exercise of reasonable and diligent efforts to secure employment during said period. Your whole award, if you find for the plaintiff, not to exceed the sum of $2528.75." Under this instruction it was left to the jury to determine what sums the plaintiff could have earned by the exercise of reasonably diligent efforts to secure employment during the rest of his term. While the plaintiff had testified that in fact he had earned only $71.25, and testified that he had been unable to get any other employment, the jury were not bound to accept his conclusion as to this. The fact is, his testimony does not show that by diligent efforts he could not have gotten employment for at least a part of the time. What he could have earned by diligent efforts to get other employment was a question for the jury under the proof. It was within the province of the jury, under the facts shown and in the light of their personal knowledge of conditions at the time, to determine what sum appellee could reasonably have earned by proper diligence for the remainder of the term. In such cases necessarily much latitude is allowed the jury. The defendant cannot ordinarily complain that the jury solved in his favor their doubts as to the amount due plaintiff. The verdict is not palpably unwarranted considering the discretion vested in the jury in such cases. The plaintiff is not complaining and the verdict of the jury cannot be disturbed. See Bridgeford & Co. v. Meagher, 144 Ky. 479, 139 S. W. 750; Ansonia, etc., Co. v. Bethlehem Steel Co., 98 Conn. 501, 120 A. 307, 310, 31 A. L. R. 1087, and notes 1091; Owensboro, etc., Co. v. Moore, 154 Ky. 431, 157 S. W. 1121; Madison, etc., Co. v. Coyle, 166 Ky. 108, 178 S. W. 1170; Conder v. Ledford, 167 Ky. 137, 180 S. W. 77; Abrams v. Jackson County Board, 230 Ky. 151, 18 S. W. (2d) 1000; 39 C. J. p. 115, sec. 149.

Judgment affirmed.