## McCracken & McCall, Inc., et al. v. Bolton.

March 28, 1947.

James S. Forester, Judge.

Patterson & Wilson for appellant.

James M. Gilbert and W. L. Hammond for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

In this action by Henry Bolton et al., on a bond upon which a restraining order was issued and later dissolved in a suit filed against them by the defendant, McCracken & McCall, Inc., it was alleged that plaintiffs had been prevented from cutting and removing timber from a certain boundary of land; that their employees, who were being paid on a piece-work basis, and their teams had been delayed and made idle for a period of fifteen days, and that plaintiffs were damaged in the total sum of $650. It was also pleaded that plaintiffs had been required to employ an attorney in the injunction suit and his services were of the reasonable value of $200.

The only evidence of damage was that two trucks belonging to the plaintiff, Bolton, and his brother, which were being used in hauling logs to a railroad station were made idle and that the reasonable worth of the use of the trucks was $25 per day each. The evidence as to the attorney's fees is very indefinite. Apparently Bolton was timid in fixing the amount; perhaps under the thought that he might have to pay it personally, and in that event he did not want to fix it too high, while he was willing to place it that high if it should be paid by the defendant.

The court instructed the jury to find for Bolton the reasonable compensation "for the loss of the use of his truck" not exceeding $25 a day, and reasonable compensation for his attorney in opposing the injunction suit, not exceeding $150. The verdict and judgment were for $200 for loss of the use of the truck, and $100 for the attorney's fee.

There was a fatal variance between the damages pleaded and proved. The allegation was of general damages and the proof related to an item of special damage. It is the established rule that special damages cannot be recovered unless specially pleaded. John C. Lewis Co. v. Scott, 95 Ky. 484, 26 S. W. 192, 44 Am. St. Rep.

251; Coleman v. Daniel, 292 Ky. 553, 166 S. W. 2d 978. Special damages are such as are not to be implied or presumed as a necessary result of the commission of a wrong, or such as can be deemed to have been within the contemplation of the parties, but which nevertheless are the natural and proximate result. They are damages of which the defendant must be given special notice in order that he might meet the charge. John C. Lewis Co. v. Scott, supra; Moss Jellico Coal Co. v. American Ry. Express Co., 198 Ky. 202, 248 S. W. 508. If it be deemed that the allegation that the teams were made idle was sufficient to cover trucks, the plaintiff did not plead special damage as to either. The court, therefore, should have directed a verdict for the defendant on this item.

While the evidence as to the attorney's fee is indefinite and a strict construction might require the court to say that there was a failure of proof within the rule pertaining to the allowance of recovery, we do not think the defendant was prejudiced by the verdict of $100.

Other questions raised need not be considered.

The motion for an appeal is sustained. The judgment is reversed as to the $200 item, and affirmed as to the attorney's fees.