Bill CALHOUN et al., Appellants,

v.

Clifford R. CASSADY, etc., et al., Appellees.

Clifford R. CASSADY, Supt. of Rowan County School System, et al., Cross-Appellants,

v.

Bill CALHOUN et al., Cross-Appellees.

Supreme Court of Kentucky.

March 19, 1976.

lants, Calhoun, Botts, Moore and Alfrey, were dismissed. The trial court found that the transfers of Brenda Wells and Warren Cooper were without any valid motive and directed their return to the positions they previously held. Roger Eldridge abandoned his claim prior to trial.

Calhoun, Moore, Alfrey and Botts appeal from the judgment dismissing their complaint. Cassady and the board of education filed a cross-appeal from that portion of the judgment reinstating Brenda Wells and Warren Cooper to their former positions.

■ Calhoun, Moore, Alfrey and Botts allege numerous errors on the part of the trial court. Cassady and the Board of Education of Rowan County contend that the trial court erred in restoring Wells and Cooper to their respective positions. It appears to this court that the sole question presented by this appeal is whether or not the superintendent and four of the individual members of the board of education acted within the authority granted by law to validly effect the reassignments and demotions.

In order that this court resolve the issue, it needs to consider the extensive findings of the trial court and properly apply the findings to the law.

Arthur L. Brooks, Brooks, Sullivan & Molloy, Lexington, for appellants and cross-appellees.

Thomas R. Burns, Morehead, for appellees and cross-appellants.

JONES, Justice.

This action was instituted in the Rowan Circuit Court by the four appellants and three others, as plaintiffs, challenging the actions of the superintendent and the board of education relative to their employment as teachers or administrators in the Rowan County School System. They sought both injunctive relief and damages for alleged wrongful acts in unlawfully and arbitrarily transferring some of them, and demoting others.

Upon a trial of the case by the court without a jury, the claims for equitable relief and the claims for damages of appel-

The trial court found that all seven of the plaintiffs admittedly engaged in political activities on behalf of a candidate for school board member in the November 1970 general election. Dr. Warren Proudfoot, the candidate they supported, was opposed by Superintendent Cassady. The recommendation by Superintendent Cassady to the members of the board that the transfers and demotions of appellants and cross-appellees was for the school years 1970–1971. Each recommendation made by Superintendent Cassady was approved by the board by a vote of 4 to 1. Only Dr. Proudfoot, who was supported by the appellants and cross-appellees, voted contrary to Cassady's recommendation. When Dr. Proudfoot questioned the superintendent's action, the

answer was always, "for the betterment of the schools."

The position of a teacher in the public schools of Rowan County, as well as the Commonwealth, commands some respect and dignity. Above all, they are entitled to fair and open dealings in transfers and demotions. These appellants and cross-appellees were never informed as to the reasons for the superintendent's action. However, they knew that the action of the superintendent in transferring and demoting them was reprisal for their support of Dr. Proudfoot.

Superintendent Cassady held the hand that played the game—the teachers were poor pawns to be transferred or demoted at his pleasure. All he had to do was to recommend the transfers and demotions to the individual members of the board of education. Like puppets, four of the members voted to assist Cassady in his vendetta against the teachers and employees.

The Legislature, in order to prevent this type of political reprisal, enacted the following statute:

"No teacher or employee of any district board of education shall be appointed or promoted to or dismissed from any position or in any way favored or discriminated against with respect to employment because of his *political* or religious opinions or affiliations or ethnic origin." KRS 161.162 (Emphasis ours).

The trial court, in his memorandum opinion and judgment, found that this statute was broad enough in scope to prohibit reassignments by reason of the support or non-support of any candidate for the board of education. He concluded also that the statute was specifically designed to prohibit punitive or discriminatory action against any teacher or administrative personnel as a result of activity in a school board race.

In his opinion the trial court stated:

"The fact that the superintendent could only tell the general reason that it was 'for the betterment of the school system,' in the light of the circumstances in this case, leads the court to believe, and so finds, that the *paramount* reasons for these transfers were punitive in nature as a result of the plaintiffs' (appellants and cross-appellees) participation in the school board race." (Emphasis ours).

If the primary reason for making the transfers as found by the trial court was to punish the teachers and administrators for their political activities, then such action was arbitrary and void. Simply because the superintendent could have been otherwise motivated by some proper purpose does not mean that these other purposes played a real part in his decision to make the transfers. The trial court could not breathe new life into an otherwise void and arbitrary action.

The trial court found also that the demotion of Calhoun was in violation of KRS 161.162. He concluded, however, that Calhoun's resignation from the school system precluded him from maintaining an action against the board and its members. In view of his finding that the primary reason or motive was to discriminate against Calhoun for his political activity, that did not deprive him of standing to maintain his action although he had resigned rather than accept the demotion from an administrative position to classroom teacher.

The claim of Botts should not have been dismissed because the position of Head-Start Director was not a tenured position. There is no application of the tenure law that is protected by KRS 161.162.

The judgment on the appeal is reversed for further proceedings consistent with this opinion. The judgment on the cross-appeal is affirmed.

All concur.