**HARLAN COUNTY BOARD OF EDUCATION and Mildred Rowland, Individually and as Superintendent of the Harlan County School District, Appellants,**

v.

**Reecie STAGNOLIA, Appellee.**

Court of Appeals of Kentucky.

Sept. 9, 1977.

J. K. Beasley, Harlan, for appellants.

Charles R. DiSalvo, Appalachian Research and Defense Fund of Kentucky, Inc., Barbourville, for appellee.

Before HOGGE, HOWARD and LESTER, JJ.

LESTER, Judge.

The Harlan County school authorities appeal from an adverse judgment of the court below which reinstated appellee to the position of assistant principal after his termination as such by the board of education. The circuit judge heard this cause without the intervention of a jury and after making findings of fact and conclusions of law, rendered judgment as aforesaid. In addition, Judge Brock further rendered a written opinion and because of the determinations made therein, we shall treat the same as part of the findings and conclusions.

In litigation such as this, the function of this Court is set forth in CR 52.01 which limits us to a determination of whether the findings of the trial court are clearly erroneous. 7 W. Clay, *Kentucky Practice*, CR 52.01, Comment 8 (3rd ed. 1974).

Reecie Stagnolia was hired as an assistant principal for the academic year 1971–1972 and continued in that position through 1974–1975. Even though there was some variation of duties during the last mentioned year, the evidence of the appellant and its principal support the finding that appellee was in fact assistant principal until the end of the 1974–1975 school year thus eliminating any clear error in that determination by the court. Moreover, appellee had administrative tenure within the provisions of KRS 161.765.

1974 was a campaign year for the Harlan County Board of Education and appellee and appellant, Superintendent Rowland, openly supported opposing candidates with appellant's incumbent being successful. On May 5th of the following year, appellee received a form letter from Rowland to the effect that since federal funds had been reduced and that average daily attendance loss would eliminate teachers

paid out of state funds (minimum foundation) then he would not be reemployed. To some extent, this letter was misleading because the evidence of student attendance loss was approximately twenty per year for each of the last five years while the pupil population which would enter the school where Stagnolia worked would soon increase. Furthermore, the testimony of the appropriate state department of education official in charge of minimum foundation funds reflected that Harlan County's share had consistently increased from 1972 through the first half of 1976. Since appellee was not paid out of the federal funds, we find no error in the trial court's findings as to average daily attendance and available funds as they relate to the issues of this case.

We are unable to label the circuit court's findings as to the superintendent's and the assistant principal's political activities as erroneous. Judge Brock determined that appellee "was dismissed in 1975 along with thirty-five other teachers. Thereafter, he was rehired at his assistant principal's salary at Green Hill Elementary School as an elementary teacher". Of the thirty-five teachers mentioned by the court, twenty-six were Title I funded while the balance were paid out of state or local revenues. In spite of the trial court's conclusion that Stagnolia was "dismissed", appellants continue to argue that he was "suspended" pursuant to KRS 161.800 but regardless of what word is used, appellee had no employment. It should be remembered that it was not until after he filed his complaint in this matter that he was offered and accepted the position of elementary teacher and it cannot be said that a litigant should be taxed for attempting to sustain himself. Moreover, Stagnolia had a contract for personal services and this made it incumbent upon him to minimize his damages by seeking similar employment in the locality. *Abrams v. Jackson County Board of Education*, 230 Ky. 151, 18 S.W.2d 1000 (1929). See also 41 A.L.R.2d 955, 958. Of course, the rule applies only where the termination was wrongful.

Political reprisals by superintendents and a majority of board members brought about the enactment of KRS 161.-162 which prohibits such action. In the case at bar, the circuit court specifically determined:

It is the Court's belief that because of his controversial political activity he has been arbitrarily and capriciously discriminated against in the pursuit of his chosen work.

The latest expression of the Supreme Court upon the prime issue in this appeal may be found in *Calhoun v. Cassady*, Ky., 534 S.W.2d 806, 808 (1976) in that

(i)f the primary reason for making the transfers as found by the trial court was to punish the teachers and administrators for their political activities, then such action was arbitrary and void. Simply because the superintendent could have been otherwise motivated by some proper purpose does not mean that these other purposes played a real part in his decision to make the transfers. The trial court could not breathe new life into an otherwise void and arbitrary action.

As a matter of proof, there need be no more than an *inference* of arbitrariness, *Snapp v. Deskins*, Ky., 450 S.W.2d 246, 252 (1970), and in the matter at hand, the evidence disclosed much more than an inference that the board acted as so found by the court below.

We will not dwell upon appellee's constitutional rights concerning his privileges as a teacher and state employee with reference to freedom of speech but will content ourselves in directing the attention of the parties to *Pickering v. Board of Education*, 391 U.S. 563, 20 L.Ed.2d 811, 88 S.Ct. 1731 (1968) and *Kelley v. Johnson*, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976).

Counsel devoted extensive portions of their respective briefs to the issue of whether Stagnolia should have been granted a demotion hearing as is delineated in KRS 161.765 and we believe they are entitled to an answer. Recalling that appellee was an administrator, KRS 161.720(8), with tenure as such, and that subsequent to his termination he was reemployed as an elementary teacher, it cannot be argued other-

wise than that he was in fact demoted. KRS 161.765(2) is one of the most strongly worded statutes enacted by the legislature when it says:

> (a)n administrator who has completed three (3) years of administrative service, not including leave granted under KRS 161.770, cannot be demoted *unless and until* the following procedures have been complied with: (emphasis added)

Unlike KRS 161.790, the above mentioned statute implies regardless of reason an administrator must be afforded a hearing in the event of demotion while KRS 161.790 applies where there is the element of misconduct. The foregoing statutory language being unequivocal, we are of the opinion that the Harlan County Board of Education should have conducted a hearing under the circumstances involved in the instant case.

Finding no error in findings of fact of the Harlan Circuit Court, the judgment is affirmed.

All concur.