**ODOM v. THOMPSON.**

**Civ. A. No. 5847.**

United States District Court
N. D. Alabama, S. D.

June 30, 1949.

D. G. Ewing and Earl McBee, Birmingham, Ala., for plaintiff.

Lucien D. Gardner, Jr., and E. T. Brown, of the law firm of Cabaniss & Johnston, Birmingham, Ala., for defendant.

MULLINS, Chief Judge.

This is an action filed on August 12, 1946, pursuant to Section 3(p) of the Railway Labor Act, Section 153(p), Title 45 U.S.C.A., to enforce an order of the National Railroad Adjustment Board, Fourth Division, hereinafter referred to as the "Board," entered on May 23, 1945.

The answer of the defendant, Frank A. Thompson, as trustee for St. Louis-San Francisco Railway Company, averred that he was relieved as trustee by court order, after the institution of this suit, and that the St. Louis-San Francisco Railway Company itself is now in possession and operating all of the properties theretofore operated by the trustee. The Railway Labor Act and Board action thereunder contemplates an order directed to the "carrier," which is defined to include "any person or body in the possession of the business of any carrier." Cf. Order of Ry. Conductors v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318. Therefore, it was appropriate for plaintiff to substitute by amendment the St. Louis-San Francisco Railway Company as the defendant to respond to the order of the Board and the enforcing order of this Court. Cf. Rule 25(c), Rules of Civil Procedure for United States District Courts, 28 U.S.C.A. As used hereinafter, the word "defendant" is used to refer interchangeably to either defendant, depending on which is or was in possession of the carrier at the time pertinent to the discussion.

Plaintiff was employed by the defendant as Special Officer on December 19, 1939, and served as such until he was discharged by the defendant on September 28, 1942.

A claim was filed on his behalf before the Board claiming that his discharge was in violation of the fourth paragraph of Section 2 of the Railway Labor Act, Title 45 U.S.C.A. § 152, which provides that "it shall be unlawful for any carrier to interfere in any way with the organization of its employees," and requesting that plaintiff be reinstated in his former position as Special Officer with compensation for all time lost and seniority rights unimpaired. Plaintiff was completely successful in the proceedings before the Board, but the defendant has not complied with any part of the Board's order.

The order of the Board, directed to defendant, was as follows: "The St. Louis-San Francisco Railway Company (Frank A. Thompson, Trustee) is hereby Ordered to make effective Award No. 262, made by the Fourth Division of the National Railroad Adjustment Board (copy of which is attached and made part hereof), as therein set forth; and if the Award includes a requirement for the payment of money, to pay to the employee (or employes) the sum to which he is (or they are) entitled under the Award on or before June 23, 1945."

The award referred to was as follows: "The claim for reinstatement with pay is sustained in accordance with the above Opinion and Findings."

The findings referred to included the following: "The claimant, Fred Odom, shall be restored to service without impairment of any seniority rights which he may hold and be compensated for all time lost, less any compensation received for work in other employment during the period from and after September 28, 1942."

The opinion of the Board concludes that the plaintiff "is entitled to be reinstated and receive compensation for all time lost, less any compensation received for work in other employment during the interim."

It will be noted that the quoted order incorporates by reference the award quoted, and the award in turn incorporates the opinion and findings. Section 3(p) of the Railway Labor Act, Title 45, Section 153 (p), U.S.C.A., under which this suit is brought, provides: "that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated."

In this case, the Board stated the facts primarily in its opinion, but, as indicated, they are in effect incorporated in the Board's order.

The principal issues between the parties are as follows:

1. Defendant denies that plaintiff's discharge was because of plaintiff's connection with an employee organization.

2. Defendant contends the Order of the Board is not enforceable for lack of a time limit in such order, and because the order is not sufficiently definite in its terms.

3. Defendant contends that neither the Board nor this Court has authority to order reinstatement of a discharged employee.

4. Defendant contends that if plaintiff is entitled to recover, his earnings in other employment since his discharge and until the date of trial have so exceeded the salary he would have earned working for defendant that he is not entitled to any money recovery for lost compensation; while plaintiff contends that his right to compensation is fixed as of the date of the filing of this action, and that defendant is not entitled to set off earnings in other employment for the period between the date of the filing of this action and the date of the trial of the case in this court.

These issues will be dealt with in order:

1. *Cause of Plaintiff's Discharge*

According to the facts stated in the opinion and order of the Board the weight of prima facie evidence, as required by the statute quoted, and independently of such prima facie evidence upon the conflicting evidence offered in the trial in this court, the Court finds that plaintiff was discharged because of his union organization activity. While the defendant presents evidence of complaints against plaintiff as the actual cause of his discharge, this evidence is not persuasive considering the relatively minor nature of the complaints on the one hand and the strong aversion of plaintiff's superiors to union activity among the special officers as shown by the evidence, on the other hand.

Having thus shown a violation of the provision of Section 2 of the Railway Labor Act, Section 152, Title 45 U.S.C.A., there is a sound basis for an order by the Board to correct the wrong by appropriate order.

This leads us to the question of the sufficiency of the form of the Board's order as a basis for enforcement in this court.

## 2. Enforceability of Board's Order

The order quoted above, in brief, required defendant to reinstate plaintiff and to pay to plaintiff compensation for time lost, less compensation received for work in other employment, the payment to be made on or before June 23, 1945.

Defendant, relying on the authority and reasoning of Railroad Yardmaster of North America v. Indiana Harbor Belt R. Co., 7 Cir., 1948, 166 F.2d 326, contends that since Section 3(p) of the Railway Labor Act, Section 153(p), Title 45, U.S.C.A., gives a right to proceed in this court to enforce compliance with an order of the Board only "If a carrier does nto comply with an order of a division of the Adjustment Board within the time limit in such order * * *," plaintiff has no right to proceed on his claim for reinstatement here because the order in question does not contain a time limit within which defendant was required to reinstate plaintiff.

This contention is rejected because the order does contain a time limit (June 23, 1945) and we construe that time limit as applicable to the order for reinstatement as well as to the payment of any money due plaintiff under the order. The order for payment to plaintiff of lost compensation by the specified date could not be effectively complied with by that date if plaintiff were not also reemployed by the same date, because the right to the lost compensation would not be concluded by that date if he were not yet reemployed, and such compensation could neither be fully calculated nor fully paid by that date if he were not yet reemployed. The order, therefore, necessarily requires reemployment of plaintiff within the time limit specified. The opinion in Railroad Yardmasters of North America v. Indiana Harbor Belt. R. Co., supra, does not point to a contrary conclu-

sion. In that case, there was no mention in the Board's order of any time limit whatsoever. In the present case there is a time limit specified and in substantially the language of Section 3(o) of the Railway Labor Act, Section 153(o), Title 45, U.S.C.A., which is as follows: "In case of an award by any division of the Adjustment Board in favor of petitioner, the division of the Board shall make an order, directed to the carrier, to make the award effective and, if the award includes a requirement for the payment of money, to pay to the employee the sum to which he is entitled under the award on or before a day named."

In the opinion of the trial court in the Railroad Yardmasters case, D.C., 70 F. Supp. 914, with which the appellate court expressly agreed on this point, this construction of Section 3(o) is adopted: " * * * the phrase 'on or before a day named' can be construed to qualify all of the sentence preceding that phrase rather than only the words: 'and, if the award includes a requirement for the payment of money,' etc."

The construction placed on the Order of the Board in the present case is identical with that placed on Section 3(o) by the Court in the above quotation, and the language of the Order here is identical with that of Section 3(o), except "June 23, 1945" is properly substituted for "a day named."

Thus the Railroad Yardmaster opinions are in accord with our conclusion that June 23, 1945, was the time limit specified not only for the payment of money but also for the order for reinstatement.

We also reject the contention of the defendant that the order of the Board is not sufficiently definite to enforce here.

It is true that an order and findings of the Board must contain definite determinations of fact, as to the persons entitled to relief, and the relief to which they are entitled. This requirement is well discussed and illustrated in System Federation No. 59, etc., v. Louisiana & A. Ry. Co., 5 Cir., 1941, 119 F.2d 509, 513. That was a case in which the Adjustment Board had dealt with a controversy involving the seniority rights of 95 persons, and had concluded

only that the seniority of "many" of the employees in question was violated, not naming those whose rights were violated, and not stating the action required of the railroad to rectify the violation.

In the present case, of course, there is no question as to the person entitled to relief or as to the relief to which he is entitled. Defendant was expressly ordered to reinstate plaintiff with pay. The award for the payment for the lost time could not be expressed in dollars and cents because such computation could not be made until plaintiff had, in fact, been reinstated, but the Board supplied the formula by which such computation can be made by stating that plaintiff "shall * * * be compensated for all time lost, less any compensation received for work in other employment during the period from and after September 28, 1942." This is not a "vague general outline which must be filled in by the court," as condemned by the System Federation No. 59 case, but is a "final and definite award, capable of enforcement," as required by that case.

### 3. Authority to Order Reinstatement

 Defendant contends that the Railway Labor Act does not authorize the Board to order reinstatement of a discharged employee. The Act does not do so in explicit terms. However, the terms of the Act are sufficiently broad to include this authority. Section 2, Section 152, Title 45, U.S.C.A., expressly makes part of the contract of employment between the carrier and each employee the provision that "* * * No carrier, its officers, or agents shall deny or in any way question the right of its employees to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees, * * * or to influence or coerce employees in an effort to induce them to join or remain or not to join or remain members of any labor organization, * * *." Section 3, Section 153, Title 45, U.S.C.A., gives the Board jurisdiction in cases of "disputes between an employee * * * and a carrier * * * growing out of grievances * * *" to make an award

which "shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award", and to "make an order, directed to the carrier, to make the award effective * * *."

The plaintiff's case before the Board certainly presented a "grievance", Cf. Hughes Tool Co. v. National Labor Relation Board, 5 Cir., 147 F.2d 69, 158 A.L.R. 1165, concerning a provision of his contract with the carrier, and the statute quoted, therefore, authorizes the Board to make an award and an order "to make the award effective" with respect to the grievance. The statute is general in its authorization to the Board as to the nature of its awards and orders. In view of the infinite variety of "grievances" that might arise it is natural that the statute "makes no attempt to catalogue the infinite forms and variations which such orders might take", to use the phrase of Porter v. Warner Holding Co., 328 U.S. 395, 400, 66 S.Ct. 1086, 1090, 90 L.Ed. 1332, used in connection with orders authorized in general terms under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. Also as stated in the Porter v. Warner Holding Co. opinion, it is not unreasonable to conclude that an order that requires restitution is appropriate and necessary to enforce compliance with the Act and to give effect to its purposes. The purpose of the Railway Labor Act in requiring freedom of union activity can hardly be made effective if the Board is powerless to restore to duty an employee discharged because of union activity.

The defendant objects that a power to order a party to employ another traditionally does not exist without express authority. The origin of this tradition was the reluctance of a court to attempt to inerfere with the employer-employee relationship—one that was in earlier days always considered personal in nature. However, this reason disappears in the face of the Railway Labor Act which deals with an industry in which the purely personal nature of the employer-employee relationship has largely disappeared. The Act creates a tribunal made up of employer and employee representatives, expressly given gen-

eral authority over "grievances," which necessarily includes many matters of employer-employee relationship, and effective awards and orders concerning such grievances will inevitably affect this relationship. An order to reemploy an employee is merely one variety of such an order dealing with the employer-employee relationship, and must be included within the broad inclusive statutory authority to the Board to make orders making awards effective.

Section 3 of the Act, Section 153(p), Title 45 U.S.C.A., expressly empowers this court "to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order" of the Board. If the Board has the authority to order reemployment, certainly this statute gives plenary authority to this court to enforce the Board's order. Indeed, the language of the statute giving this court authority to enforce an order of the Board strongly suggests enforcement of just such orders as we have in this case.

### 4. Compensation due Plaintiff

In this case, the plaintiff's compensation received in employment other than for defendant, since the filing of this action, has greatly exceeded the compensation he would have received in employment by defendant, so much so that if this period is taken into consideration along with the period from September 28, 1942, to the date of filing of this action, plaintiff is not entitled to any recovery by reason of lost compensation. If, however, the lost compensation is fixed as of the date of filing this action, plaintiff would be entitled to $1,554.30 as the difference between the compensation he would have received from defendant and the net compensation he did receive elsewhere up to that date.

■ It is concluded that defendant must prevail on this issue. This action is not an ordinary action for damages, contract or tort, in which normally the rights of the parties are dealt with as of the date of filing the action. This is an action solely to enforce the award and order of the Railway Labor Board, and in this action the Court acts primarily as an enforcing agency for the Board's order. This being so, the Court should by its order cause as complete compliance—to date—as possible. The Board order requires credit be given to defendant "for compensation received for work in other employment during the period from and after September 28, 1942," without limitation as to time. The opinion, with reference to compensation, requires it to be paid "for all time lost, less any compensation received for work in other employment during the interim." This seems to clearly require that the computation of the difference between the compensation of the job with defendant and the compensation actually received in other employment be made for the entire "interim" while plaintiff is not employed by defendant, whatever that "interim" may be. Since the "interim" still exists, the computation is still to be made when the "interim" terminates. This is the conclusion reached in a comparable situation, in National Labor Relations Board v. Carlisle Lumber Co., 9 Cir., 1938, 99 F.2d 533, where, it may be noted, such conclusion apparently resulted in a larger recovery for the employees in question.

It is concluded that full enforcement of the Board's order, which also appears to be the proper equitable course, requires full credit for all compensation earned in other employment up until the date plaintiff may be reinstated by the defendant. As of the date of trial of this case, under this formula, nothing is due to plaintiff by way of lost compensation, nor will anything be due in the event of orderly compliance with this order within the time prescribed in the Decree for reinstatement of plaintiff.

■ It is the finding of the Court that a reasonable attorney's fee to be paid by defendant to the plaintiff's attorneys, in view of the number and protracted nature of the proceedings in this case, both before and during trial, is $1,000.

The foregoing will be entered as the findings of fact and conclusions of law in this case.

### Decree

It is, therefore, ordered, adjudged and decreed by the Court that the order of the

National Railroad Adjustment Board, Fourth Division, dated May 23, 1945, made to· accompany and make effective Award No. 262, Docket No. 259, of said Board, be complied with by the defendant, St. Louis-San Francisco Railway Company, in the following manner:

If the plaintiff herein shall present himself to the said defendant at the said plaintiff's last place of employment by the said defendant within 30 days from the date of this decree, and request employment from the said defendant, the said defendant shall reinstate the said plaintiff in his employment with defendant without impairment of any seniority rights, such reinstatement to be accomplished by said defendant after application made by the plaintiff as aforesaid within 30 days after such application is made to the said defendant by the plaintiff.

It is further ordered, adjudged and decreed by the Court that the defendant pay to the attorneys of record for the plaintiff herein the sum of $1,000 as attorney's fee.

It is further ordered that all costs accrued herein are hereby taxed against the defendants, for which let execution issue.