LOUISVILLE AND NASHVILLE RAIL-
ROAD COMPANY, Plaintiff-Appellee,

v.

BROTHERHOOD OF LOCOMOTIVE
ENGINEERS et al., Defendants-
Appellants.

No. 14486.

United States Court of Appeals
Sixth Circuit.

Dec. 18, 1961.

John P. Sandidge, Louisville, Ky.
(Woodward, Hobson, & Fulton, Louis-
ville, Ky., H. G. Breetz, M. D. Jones,
Louisville, Ky., on the brief), for plain-
tiff-appellee.

Charles I. Dawson, Louisville, Ky.
(Edwin F. Schaeffer, Jr., Bullitt, Daw-
son & Tarrant, Louisville, Ky., Harold
C. Heiss, Russell B. Day, Harold N.
McLaughlin, Cleveland, Ohio, V. C.
Schuttleworth, Cedar Rapids, Iowa,
Wayland K. Sullivan, Cleveland, Ohio,
on the brief), for defendants-appellants.

Before MARTIN and CECIL, Circuit
Judges, and DARR, District Judge.

PER CURIAM.

This is an appeal by the Brotherhood
of Locomotive Engineers, the other
three Railroad Brotherhoods, and cer-
tain individuals, from an injunction
against the Brotherhoods enjoining
them from carrying out the threat of a
strike against the carrier, solely because
of the carrier's refusal to comply with
an order of the National Railroad Ad-
justment Board to enforce a money
award in favor of a railroad employee.
In its award, the Adjustment Board
stated as to the award: "Claim sus-
tained with pay for time lost as the rule
is construed on the property." The dis-
pute between the Brotherhoods and the
Railroad was as to whether or not the
employee was entitled to his wages lost
while he was laid off by the carrier with-
out deducting his outside earnings dur-
ing such period.

When the carrier applied to the Board
for an interpretation of its decision, the
Board was evenly divided, necessitating
the decision of an appointed Referee to
break the deadlock. The decision of the
Referee adopted the contention advanced
by the Brotherhood of Locomotive Fire-

men and Enginemen, as follows: "The above numbered award sustained a claim for reinstatement of claimant to service with pay for time lost as the rule is construed on the property.

"In its request for interpretation carrier asserts that a dispute exists between the parties as to the proper application of the award in that carrier asserts and the organization denies that outside earnings during the period held out of service should be deducted in computing pay for time lost. Wherefore carrier seeks to have the Division determine that dispute as an interpretation of its award.

"Facts and supporting data as to that issue were not included in the docket on which Award 18720 was predicated, the issue here raised was not submitted to the Division for determination, and we may not determine a new issue in the guise of an interpretation of the issue formerly decided. See Award 17500 and 'interpretation' thereof."

The carrier ultimately felt forced to file an injunction suit against a strike by the Brotherhoods over this controversial issue.

█ █ We find no merit in appellants' argument that the record reveals that appellee comes into court with unclean hands. Moreover, the dispute between the laid-off fireman, Humphries, and his Brotherhood on the one hand, and the Railroad on the other, involving his claim, is a "minor dispute." In such instance, we think the United States Courts have jurisdiction and power to issue necessary injunctive orders to vindicate the processes of the Railway Labor Act, 45 U.S.C.A. § 151 et seq. See Brotherhood of Railroad Trainmen v. Chicago River & I. R. Co., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622.

District Judge Brooks filed comprehensive findings of fact, all supported by substantial evidence and not clearly erroneous, and well-reasoned conclusions of law, in which this court concurs.

Accordingly, the judgment of the United States District Court is affirmed.