William K. TAYLOR, Appellant,

v.

HUDSON RAPID TUBES CORP., a Delaware Corporation.

No. 15634.

United States Court of Appeals Third Circuit.

Argued March 25, 1966.

Decided June 27, 1966.

James M. Davis, Jr., Mount Holly, N. J., for appellant.

Thomas J. Brady, Jersey City, N. J., Milton, Keane & DeBona, Jersey City, N. J., for appellee.

Before KALODNER, Chief Judge, and McLAUGHLIN and HASTIE, Circuit Judges.

KALODNER, Chief Judge.

Did the District Court err in failing to give required consideration and effect to the National Railroad Adjustment

Board's ruling that the plaintiff's contract of employment provided that he was to be "compensated in full" for his wrongful dismissal "without deductions for employment during the period of the wrongful dismissal and restoration to duty"?

That is the critical question presented by this appeal from the District Court's holding that "the plaintiff's award should be diminished by the amount of his earnings during the period [of his wrongful discharge.]"

The relevant facts may be summarized as follows:

The plaintiff was discharged from his employment as a motorman on December 23, 1958 following an accident in which he was involved on December 14, 1958. At the time, the conditions of his employment or discharge were subject to a collective bargaining agreement between the Brotherhood of Locomotive Engineers and Herman T. Stichman, trustee in bankruptcy for the Hudson and Manhattan Railroad Company.[1] The agreement provided in relevant part, as follows:

> Article IX B (1)—"Employees covered by this Agreement shall not be disciplined, suspended or discharged without a fair and impartial investigation."

> Article IX B (3)—"If in the final disposition of the case the decision or award is in favor of the employee, he shall be reinstated with seniority unimpaired *and shall be compensated, in full,* for all time lost, if any, and the notation shall be removed from his record." (Emphasis supplied.)

The plaintiff, after exhausting all available remedies open to him with his employer, petitioned the National Railroad Adjustment Board, First Division ("Board"), to hear the dispute, pursuant to the provisions of the Railway Labor Act, 45 U.S.C.A. § 153(i).[2] The Board held that he had not been accorded a fair hearing by his employer and ordered his reinstatement with back wages. During the period of his discharge, plaintiff had earned salary income as a church custodian and factory worker. On the issue as to whether this income could be set off against the back wages due, the Board construed the applicable provision of the collective bargaining agreement, above stated, as not requiring set off. In doing so it said:

> "The Division also finds from the terms of the Agreement that the parties intended to award full compensation in situations of wrongful discharge as evidenced by the use of the words 'compenstated in full'. We make this finding, mindful of the long controversy in this Division on the issue of ordering full compensation without deductions for employment during the period of the wrongful dismissal and restoration to duty. However, the words of the Agreement clearly indicate the remedy we must prescribe, if we are to give these words their usual and appropriate meaning. We make this finding in accordance with the terms of the Agreement, and without raising the issue as to what may be the weight of authority in this Division on this issue, or what is the applicable principle of common law pertaining to the minimization of damages, because they are not necessary for the determination of this case."

---

1. The defendant, Hudson Rapid Tubes Corporation, took over the operations of the company from the trustee in December, 1961. At that time, it agreed to assume the obligations of the trustee under the collective bargaining agreement.

2. 45 U.S.C.A. § 153(i) in relevant part provides: "The disputes between an employee or group of employees and a carrier * * * shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes."

The defendant, Hudson Rapid Tubes Corporation, refused to comply with the Board's order and the plaintiff, pursuant to 45 U.S.C.A. § 153(p),[3] instituted enforcement proceedings in the District Court of New Jersey. The parties, prior to hearing, agreed to settle all issues except the question as to whether the defendant was entitled to a set off of the plaintiff's earnings during the period of his wrongful dismissal.[4]

After hearing on the plaintiff's motion for summary judgment, the District Court held, without reference to the Board's opinion, that the defendant was entitled to a set off. In doing so it stated in its letter opinion dated May 26, 1965:[5]

"The plaintiff's earnings must be set off from the total due him from the period of his discharge. *No contrary intent can be gleaned from the Collective Bargaining provision alluded to by the plaintiff.* See Odin v. Thompson, 85 F.Supp. 477 (N.D.Ala.1949) and Louisville & Nashville R. Co. v. Brotherhood of Loc. Eng., 190 F.Supp. 829 (W.D.Ken.1961), affirmed 297 F. 2d 608 (6 Cir. 1961)."[6] (Emphasis supplied.)

The letter opinion made no reference to the Board's contrary determination in its Award that the collective bargaining agreement by its terms required "full compensation without deductions for employment during the period of the wrongful dismissal and restoration to duty."

These principles are well-settled with respect to the standard of review prevailing in enforcement proceedings in a federal court insofar as the Board's interpretation of the provisions of a collective bargaining agreement in its Award is concerned:

The Board's interpretation cannot be rejected by a federal court unless it can be said that it "was wholly baseless and completely without reason." Gunther v. San Diego & Arizona Eastern Railway Co., 382 U.S. 257, 261, 86 S.Ct. 368, 371, 15 L.Ed.2d 308 (1965).

Congress in enacting the Railway Labor Act "intended to leave a minimum responsibility to the courts." Order of Railway Conductors of America v. Pitney, Trustees of Central Railroad Co. of New Jersey, 326 U.S. 561, 566, 66 S.Ct. 322, 324, 90 L.Ed. 318 (1946).[7]

Since "the Board is acquainted with established procedures, customs and

---

3. 45 U.S.C. § 153(p) provides as here relevant: "If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the carrier operates, a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises. Such suit in the District Court of the United States shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated, * * *."

4. There was also a question of counsel fees but that is no longer in issue.

5. A second letter opinion was delivered July 14, 1965 on the issue of whether the church wages had to be set off inasmuch as plaintiff claimed he could have held that job even while working as a motorman. Because of our disposition of the case, we need not reach this issue.

6. The court's reference to "Odin v. Thompson" was clearly meant to refer to "Odom v. Thompson". The court also failed to note that *Louisville & Nashville Railroad Company* was affirmed by the Supreme Court at 373 U.S. 33, 83 S.Ct. 1059, 10 L.Ed.2d 172 (1963).

7. In this case the Supreme Court said at 326 U.S. 566, 66 S.Ct. 324: "Not only has Congress thus designated an agency peculiarly competent to handle the basic question here involved, but as we have indicated in several recent cases in which we had occasion to discuss the history and purpose of the Railway Labor Act, *it is also intended to leave a minimum responsibility to the courts.*" (Emphasis supplied.)

usages in the railway labor world" and "It is the specialized agency selected to adjust these controversies", "Its expertise is adapted * * * to interpreting a collective bargaining agreement * * *" Elgin, Joliet & Eastern Railway Co. v. Burley, 327 U.S. 661, 664, 66 S.Ct. 721, 722, 90 L.Ed. 928 (1946), affirming on rehearing, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945).[8]

Applying the principles stated to the instant case we are of the opinion that the District Court erred in rejecting the Board's interpretation of the collective bargaining agreement since it cannot be said that it "was wholly baseless and completely without reason."

As the Supreme Court said in Gunther, at 382 U.S. 261, 262, 86 S.Ct. 371:

"Certainly it cannot be said that the Board's interpretation was wholly baseless and completely without reason. We hold that the District Court and the Court of Appeals as well went beyond their province in rejecting the Adjustment Board's interpretation of this railroad collective bargaining agreement. * * * Congress, in the Railway Labor Act, invested the Adjustment Board with the broad power to arbitrate grievances and plainly intended that interpretation of these controversial provisions should be submitted for the decision of railroad men, both workers and management, acting on the Adjustment Board with their long experience and accepted expertise in this field."

For the reasons stated the "Order for Final Judgment" of the District Court will be reversed and the cause remanded with directions to proceed in accordance with this opinion.

8. In *Elgin* the Supreme Court said at 327 U.S. 664, 66 S.Ct. 722:
    "Furthermore, the Board is acquainted with established procedures, customs and usages in the railway labor world. It is the specialized agency selected to

adjust these controversies. *Its expertise is adapted * * * to interpreting a collective bargaining agreement. * * *"* (Emphasis supplied.)