**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 369, AFL–CIO, and Jesse F. Hargis, Plaintiffs-Appellees,**

v.

**OLIN CORPORATION, Defendant-Appellant.**

**No. 72–1386.**

United States Court of Appeals, Sixth Circuit.

Dec. 18, 1972.

James U. Smith, Jr., Louisville, Ky., for defendant-appellant; Louis E. Woolery, Smith & Smith, Louisville, Ky., on brief.

Raymond L. Sales, Louisville, Ky., for plaintiffs-appellees; Irwin H. Cutler, Jr., Segal, Isenberg, Sales & Stewart, Louisville, Ky., on brief.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

Defendant-Appellant, Olin Corporation, appeals from a summary judgment of the District Court upholding the award of an arbitrator and directing that the Plaintiff, Jesse F. Hargis, recover back pay in the amount of $4,876.80. On appeal the only question is whether Appellant is entitled to credit for earnings received from other employment by the Appellee Hargis during the period that Hargis was held by the arbitrator to have been wrongfully discharged from his employment.

The facts are relatively simple and undisputed. Following a fist fight which took place in the Doe Run Plant of Olin near Brandenburg, Kentucky, on December 10, 1969, the Company discharged Hargis, but the other employee with whom Hargis was fighting was suspended for thirty (30) days. Hargis was a member of International Brotherhood of Electrical Workers, Local 369, AFL–CIO, and was covered by a collective bargaining agreement between that Union and Olin Corporation. A grievance was filed on behalf of Hargis pursuant to the terms of the collective bargaining agreement, and an arbitration hearing was ultimately held on June 10, 1972. The award of the arbitrator was as follows:

AWARD: The grievance of Jesse Hargis is allowed as he was not discharged for proper cause.

His discharge is set aside and held for naught. He is considered and awarded to have a 30 day disciplinary suspension effective December 13, 1969, and he is reinstated and shall be compensated for loss of normal earnings with credits to the employer as specified in Article XVII, Section F, of the Labor Agreement.

/s/ James J. Willingham, Arbitrator

Article XVII, Section F, provides as follows:

F. If, as a result of grievance or arbitration, it is determined that an employee was discharged without proper cause, the Company agrees to reinstate the employee without prejudice. If the arbitrator decides that he should be reimbursed, he shall be paid as directed by the arbitrator but not to exceed his normal earnings for the time lost less his vacation pay and any unemployment compensation received or receivable.

Olin promptly reinstated Jesse Hargis, but refused to reimburse him for back pay because Hargis had earned an amount from other employment slightly in excess of the amount he would have earned with Olin if he had not been discharged.

Hargis and the Union filed this action pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. Section 185 [a]),[1] to compel the Company to comply with the arbitration award. Among other defenses contained in its answer, the Company set up the interim earnings of Hargis from outside employment as a credit against any back pay due him by reason of the arbitrator's award.

All parties made motions for summary judgment and the District Court granted such relief to the Plaintiffs-Appellees and further granted the Plaintiff Hargis a judgment in the amount of $4,876.-80 against Olin Corporation. This is the amount that Hargis would have earned as an employee of Olin during the period of discharge, less the thirty (30) days suspension given by the arbitrator, with credit for unemployment compensation payments which he received. No credit was given Olin for the outside earnings of Hargis.

On appeal Olin first argues that it was entitled to credit for all interim earnings of Hargis as a matter of law. This contention is supported by citations to cases and other authorities which hold that there is a general principle of damages in cases of breach of employment contracts which limits recovery to the difference between the agreed wages and the amount which a discharged employee earned or could have earned with reasonable diligence. 53 Am.Jur.2d Master and Servant, Section 62; Abrams v. Jackson County Board of Education, 230 Ky. 151, 18 S.W.2d 1000 (1929). Furthermore, it is asserted that it has been the consistent policy of the National Labor Relations Board to give credits to the employer for an employee's interim earnings in unfair labor practice cases. Among the authorities cited in the brief are Phelps Dodge Corporation v. N. L. R. B., 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271 (1941); N. L. R. B. v. Hudson Motor Car Company, 136 F.2d 385 (6th Cir. 1943), together with numerous arbitration cases in which this principal has been applied. The Appellant maintains that the purpose of back pay awards is to make a wrongfully discharged employee whole and to restore the economic status quo. N. L. R. B. v. J. H. Rutter-Rex Manufacturing Co., 396 U.S. 258, 263, 90 S.Ct. 417, 24 L.Ed.2d 405 (1969). To permit

---

1. § 185. Suits by and against labor organizations—Venue, amount, and citizenship

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

an employee to retain all outside earnings in addition to his back pay would amount to a punitive award against the employer and a windfall to the employee, it contends.

On the other hand, the Appellees assert that there is no settled general law on the subject which applies in all cases, and that the arbitrator in this case was concerned only with the language of the Agreement under which he was appointed and was acting. They maintain that since the Agreement provided for two named credits (vacation pay and unemployment compensation) and was silent on the subject of outside interim earnings, under the legal maxim *expressio unius est exclusio alterius* it must be held that the contracting parties intended to exclude credits from outside earnings. In addition, the Appellees cite cases of arbitration awards where no credits have been allowed the employer for interim earnings. *E. g.*, Brotherhood of Railroad Trainmen v. Central of Georgia Railway, 415 F.2d 403 (5th Cir. 1969), cert. denied, 396 U.S. 1008, 90 S. Ct. 564, 24 L.Ed.2d 500 (1970); Taylor v. Hudson Rapid Tubes Corporation, 362 F.2d 748 (3rd Cir. 1966).

The authorities relied upon by the parties herein do give limited support to their respective positions on this issue, but do not appear to us to dispose of the matter. In examining the Agreement, and particularly Section XVII F, we are struck by the fact that the words "normal earnings for the time lost" are most important. Yet, these words are not defined in the contract. Furthermore, neither side has cited a case defining "normal earnings" and we have found none, although this expression was used by this Court in N. L. R. B. v. Hudson Motor Car Company, *supra*. A number of cases have dealt with similar expressions. However, absent a clear showing that the term "normal earnings for the time lost", as used in the Agreement, has a settled meaning which requires credits for outside interim earnings, it would be beyond the scope of judicial review of the arbitrator's award to direct that such credit be given. United Steelworkers of America v. American Manufacturing Company, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Company, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed. 2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel and Car Corporation, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). By the terms of the Agreement, the arbitrator was required to make the decision whether a wrongfully discharged employee should be reimbursed at all. Having made that decision, he was authorized to direct such payment as he determined so long as it did not exceed normal earnings for the time lost less the credits set forth. This language indicates very broad discretion in the arbitrator with respect to formulating the remedy for an improper discharge. We are not persuaded that an arbitrator operating under the language of this particular Agreement was required, as a matter of law, to allow credits to the Appellant for the outside interim earnings of the Appellee Hargis. Nor, do we believe that the listing of certain credits in the Agreement requires a finding, as a matter of law, that all other credits were excluded. Interpretation of the substantive provisions of a labor agreement which provides for arbitration is a function of the arbitrator, not of the courts. In performing this duty the arbitrator is not confined to the express provisions of the contract, but may consult the "industrial common law" as well as other sources. *Warrior and Gulf Navigating Company, supra.* 363 U.S. at 581–582, 80 S.Ct. 1347.

The Appellant contends that even if it is not entitled to the credit sought as a matter of law, the District Court should have remanded the case to the arbitrator for consideration and decision. This position is based on an assumption that the arbitrator never considered the fact that Hargis had outside earnings or the effect, if any, it would have on the award of back pay. The Appellees maintain that the arbitrator was aware

of the fact that Hargis had worked for other employers during the period of his discharge and did consider it in his award. An examination of the record indicates that none of the parties stressed this feature of the case during arbitration. In a memorandum brief the Union did disclose to the arbitrator that Hargis had obtained outside employment during a portion of the time between his discharge and the time of the arbitration hearing. As Olin points out, however, Hargis had greater earnings in the period between the hearing and the date of award than he had prior to the hearing; and the arbitrator had no knowledge of these earnings. The arbitrator apparently made no attempt to compute the amount due Hargis as reimbursement for his wrongful discharge, and the award does not specify the amount of his recovery. Since the parties agreed on the rate of pay which Hargis would have earned, and the amount of unemployment insurance he had received, the District Judge made the computation which resulted in the damages awarded Hargis in the judgment of the District Court.

The arbitrator did file an opinion with his award and in it he specifically found that Hargis and the other employee who engaged in the fight were equally culpable and equally guilty as instigators. In his conclusion, immediately preceding the award, the arbitrator wrote:

> "Because there is a generally accepted basis that discipline should be meted out in a fair and equitable manner, and such application being understood as a part of the criteria in 'proper cause' as such term is generally used in labor agreements, and as I find is used herein, I am constrained to find that the discharge of Hargis was not proper in that he was no more culpable than was Bissinger. Both men were equally guilty as instigators and participants.

Equal application of discipline for the same offense mandates a conver-sion of Hargis' discharge to a 30 day suspension."

This language, when read with a knowledge of the extent of Hargis' outside interim earnings, raises a serious question: Was the intention to mete out equal punishment limited to ordering a 30 days suspension as opposed to discharge with loss of seniority and all standing as an employee; or was it intended also to put the two "instigators and participants" on an equal financial footing? To raise this question is not to review the merits of the award. Rather, it merely leads us to determine whether an ambiguity exists in the opinion and award of the arbitrator. The Supreme Court has dealt with this problem in United Steelworkers of America v. Enterprise Wheel and Car Corporation, *supra*. One of the questions involved in that case was whether certain amounts should be deducted from an arbitrator's award of back pay. The Court found that the opinion of the arbitrator as it bore upon the issue related to back pay was ambiguous and directed that the judgment of the District Court enforcing the award should be modified so that the amounts due the employees could be definitely determined by arbitration.

 We find that an ambiguity does exist in the opinion and award in this case. The award must be read in connection with the opinion, and when this is done the ambiguity is a patent one. As this Court held in United Steelworkers of America v. Timken Roller Bearing Company, 324 F.2d 738 (6th Cir. 1963) we are not required to enforce an award that is not clear as to its meaning and effect. Accordingly, the proper course is to send the case back to the arbitrator for an explicit finding on the question of whether Appellant Olin is entitled to deduct the amount of Appellee Hargis' outside interim earnings in computing the compensation for loss of normal earnings referred to in the award. United Steelworkers of America v. Enterprise Wheel and Car Corpora-

tion, *supra*; United Steelworkers of America v. Timken Roller Bearing Company, *supra*; Printing Pressman's Union No. 135 v. Cello-Foil Products, 459 F.2d 754 (6th Cir. 1972); Hanford Atomic Metal Trades Council v. General Electric Company, 353 F.2d 302 (9th Cir. 1965).

The action of this Court in remanding the case to the arbitrator for further findings is not to be viewed as indicating an opinion on the merits of this issue.

The judgment of the District Court is vacated to the extent of the amount awarded the Appellee Hargis, and the case remanded with directions to submit it to the arbitrator for a determination of whether Olin is entitled to credit for the outside interim earnings of Hargis and a computation of any amount due. In all other respects, the judgment is affirmed.