433 F.Supp. 690 (1977)
Charles W. SMITH, John Pasley, and Ralph Serini, Plaintiffs,
v.
HUSSMANN REFRIGERATOR COMPANY and Local 13889, United Steel Workers of America, Defendants.
No. 76-126C(4).
United States District Court, E. D. Missouri, E. D.
July 12, 1977.
Gilden & Dodson, St. Louis, Mo., for plaintiffs.
Byron A. Roche and Burton Halpern, Bridgeton, Mo., for Hussmann.
Bartley, Goffstein, Bollato & Lange, Clayton, Mo., for Local U. S. Steelworkers.

MEMORANDUM
NANGLE, District Judge.
Plaintiff John Pasley filed suit, alleging, in part, discrimination on the basis of race. 42 U.S.C. §§ 1981 and 1985. Other claims asserted by plaintiff were previously tried to a jury and judgment has been entered in accordance with the jury's verdict. Only the claims of racial discrimination remain.
The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, the stipulations of the parties, and being otherwise fully advised of the premises, hereby makes the *691 following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

FINDINGS OF FACT
1) Plaintiff John Pasley is a black male citizen of the United States. At all times relevant herein, plaintiff has been an employee of defendant Hussmann Refrigerator Company and a member of defendant Local 13889, United Steelworkers of America.
2) Defendant Hussmann Refrigerator Company is a corporation organized and existing by virtue of law. Said defendant is a person within the meaning of 42 U.S.C. §§ 1981 and 1985.
3) Defendant Local 13889 United Steelworkers of America is a labor organization representing employees and has been at all times relevant herein the collective bargaining agent for the employees at defendant Hussmann Refrigerator Company.
4) The collective bargaining agreement entered into by the two defendants contains the following provisions:
The majority decision of the arbitration board shall be final and binding upon the parties. Art. 7.
Ability and required performance of an employee on the job shall be factors considered for promotions. When such factors are substantially equal among those being considered, seniority shall govern. Art. 10.
5) On April 22, 1975, defendant Company posted jobs for the position of maintenance pipe fitter. Sixty-four employees bid for this job including plaintiff and several employees with greater seniority than plaintiff. Plaintiff was awarded the job by the Company on April 28, 1975, based upon the Company's assessment of his skill and ability.
6) On May 6, 1975, defendant Company again posted jobs for maintenance pipe fitter on the second shift. Forty-six bids were made. Plaintiff was working in this classification on the first shift, in a temporary position. He bid for and was awarded the permanent second shift job by defendant Company. Included among the forty-six who bid for this job were a number with greater seniority than plaintiff.
7) Grievances were filed by employees Dattilo, Looney, Krassinger and Robinson all of whom contended that their seniority entitled them to prevail in the bidding. These grievances challenged the award of the classification not only to plaintiff but to other employees as well. These other employees were white.
8) Defendant union processed these grievances through the grievance procedure. Arbitrator Raymond Roberts was appointed to hear the grievances and on August 29, 1975, an arbitration hearing was held. Defendant Company, through its foreman, presented evidence to support the selection of plaintiff. The union presented evidence on behalf of the grievants. Neither plaintiff nor the other employees whose classifications were being challenged were notified of the arbitration hearing. The evidence indicated that plaintiff was aware of the hearing but did not ask to attend or present evidence.
9) The arbitrator, on October 3, 1975, issued his decision awarding the classification of Maintenance Pipe Fitter to the following individuals in the following order:
1. August Dattilo;
2. John Pasley;
3. Charles Smith;
4. Winfred Watson;
5. George Krassinger;
6. Ralph Serini.
10) Employee James Pogue filed a grievance against Ralph Serini for the position of Maintenance Pipe Fitter after the arbitrator's award was made.
11) Plaintiff was not deprived of his classification as a result of his award. The award, however, created difficulties for defendants in that the arbitrator had determined that six employees were qualified while there were only four permanent openings. Additionally, the arbitrator had stated the wrong seniority date for one employee and had awarded another employee a position for which he had not bid.
*692 12) Defendants asked the arbitrator to clarify the award. A meeting was held on October 31, 1975 at which no additional testimony was offered. Plaintiff was not notified of this meeting, nor were the other employees whose classifications were involved. The arbitrator was shown the seniority dates of various employees and was asked to rank the persons entitled to the jobs. On November 4, 1975, the arbitrator issued a supplemental decision. Under this decision, plaintiff was placed at number four in seniority. He never lost his classification.
13) Due to a reduction in work force, plaintiff was temporarily removed from the maintenance pipe fitter classification. He was subsequently able to bid back into the classification and held that job at the time of trial.
14) Plaintiff attempted to file a grievance following the supplemental decision of the arbitrator. The union, however, refused to accept the same, holding the opinion that the arbitrator's decision on the classification awards had been, at that time, finally and fully determined. There is no evidence that the union's decision was the result, in whole or in part, of racial discrimination.
15) The grievance filed by James Pogue went to arbitration on December 5, 1975. Evidently, the effect of this grievance, after the supplemental arbitration award, was to attack plaintiff's classification, and not that of Serini against whom it was originally filed. The grievance was denied.
16) The credible evidence fails to establish that defendants had agreed prior to the October 31, 1975 meeting as to which four people would be designated to hold the maintenance pipe fitter job. Neither defendant instructed the arbitrator on what position to place plaintiff in. The evidence totally failed to establish any conspiracy by defendants to deprive plaintiff of his classification because of his race. The credible evidence failed to establish that defendants' actions were the result, in whole or in part, of racial considerations.

CONCLUSIONS OF LAW
This Court has jurisdiction over the subject matter and the parties to this suit in accordance with 28 U.S.C. § 1343.
Title 42 U.S.C. § 1981 provides:
All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . .
Title 42 U.S.C. § 1985 prohibits conspiracies to deprive persons of equal protection of the law, or equal privileges and immunities under the law. The evidence fails to establish that defendants' actions violated any of plaintiff's rights on account of his race. Cf., Long v. Ford Motor Company, 496 F.2d 500 (6th Cir. 1974); O'Neill v. Grayson County War Memorial Hospital, 472 F.2d 1140 (6th Cir. 1973).
Plaintiff argues that defendant union violated his rights in failing to give him notice of the arbitration hearings. Whether plaintiff has a right to be present at the arbitration hearing is questionable. See Ramsey v. National Labor Relations Board, 327 F.2d 784 (7th Cir. 1964), cert. denied, 377 U.S. 1003, 84 S.Ct. 1938, 12 L.Ed.2d 1052 (1964); Thompson v. International Association of Machinists, 258 F.Supp. 235 (E.D.Va. 1966). It is clear, however, from the evidence, that the failure to notify plaintiff of the arbitration hearing was not the result of racial discrimination or a conspiracy based thereon. Other employees, in the same situation as plaintiff herein, were not notified of the arbitration hearings; these other employees were white. Accordingly, the Court concludes that the failure to give notice violates neither § 1981 nor § 1985.
Plaintiff also argues that the issue should not have been resubmitted to the arbitrator, since the collective bargaining agreement provides that the decision of the arbitrator is final. Under the circumstances, the Court is hesitant to conclude that this resubmission was wrongful, since an *693 ambiguity existed. Hanford Atomic Metal Trades Council, AFL-CIO v. General Electric Company, 353 F.2d 302 (9th Cir. 1965); Smith v. Union Carbide Corporation, 350 F.2d 258 (6th Cir. 1965); International Brotherhood of Electrical Workers, Local 369, AFL-CIO v. Olin Corporation, 471 F.2d 468 (6th Cir. 1972); Local 719, American Bakery and Confectionery Workers of America, AFL-CIO v. National Biscuit Company, 378 F.2d 918 (3d Cir. 1967); La Vale Plaza, Inc. v. R. S. Noonon, Inc., 378 F.2d 569 (3d Cir. 1967). Moreover, the resubmission affected the classification of other employees who were white. The Court has found that defendants did not designate which persons the arbitrator should choose and did not instruct the arbitrator to place plaintiff in any particular spot. The Court has also found that the credible evidence failed to establish that the resubmission was the result, in whole or in part, of racial discrimination or a conspiracy based thereon. Accordingly, the Court concludes that the resubmission did not violate plaintiff's rights under the laws.
Plaintiff's last contention is the refusal on the part of the union to accept his grievance following the arbitrator's supplemental decision. The Court found that the union's decision to refuse the same was not the result of racial discrimination, but was based upon its belief that the decision was then final. Accordingly, plaintiff has failed to establish any violation of § 1981.
Judgment will be entered for defendants.