442 F.Supp. 1144 (1977)
Charles W. SMITH, John Pasley and Ralph Serini, Plaintiffs,
v.
HUSSMANN REFRIGERATOR COMPANY and Local 13889, United Steelworkers of America, Defendants.
No. 76-126C(3).
United States District Court, E. D. Missouri, E. D.
December 20, 1977.
*1145 Louis Gilden, St. Louis, Mo., for plaintiffs.
Byron A. Roche and Burton Halpern, Bridgeton, Mo., for Hussmann Refrigerator Co.
Bartley, Goffstein, Bollato & Lange, St. Louis, Mo., for Local U. S. Steelworkers.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon the motions of defendants Hussmann Refrigerator Company and United Steelworkers of America, Local 13889 for judgment notwithstanding the verdict, or in the alternative, for a new trial. Additionally, plaintiffs have filed a motion for supplementary judgment in accordance with the advisory verdict of the jury. Plaintiffs brought this suit, pursuant to 29 U.S.C. § 185, seeking damages, classification awards, a change in seniority, and attorney's fees. The cause was tried to a jury who rendered verdicts in favor of plaintiff Charles W. Smith in the amount of $6,500.00 and plaintiff John Pasley in the amount of $2,500.00. Without objection by any party, special interrogatories were submitted to the jury in an advisory capacity. Rule 39(c), Federal Rules of Civil Procedure. The jury answered the special interrogatories, finding that plaintiffs Charles Smith and Ralph Serini should be awarded the classification of maintenance pipe fitter, and that plaintiff John Pasley's seniority as maintenance pipe fitter should be changed.
The facts underlying this suit are as follows: On April 22, 1975, defendant Hussmann posted jobs for the position of maintenance pipe fitter. Sixty-four employees bid for this job. Chosen were plaintiff Pasley and plaintiff Smith. On May 6, 1975, defendant Hussmann again posted jobs for maintenance pipe fitter on the second shift. Forty-six bids were made. The positions were awarded to plaintiff Serini and an employee named Watson. Following these awards, several employees filed grievances. The contract between defendants contained what is referred to as a "modified seniority clause" which provides that seniority will prevail in determining promotions only where abilities and performance are substantially equal. If substantial equality does not exist, defendant Hussman is free to ignore seniority and promote the better qualified employees. The grievances which were filed were filed by employees with greater seniority than the employees promoted; the grievants contended that there was substantial equality in terms of ability and performance and thus seniority should prevail. Defendant union processed the grievances and on August 29, 1975, an arbitration hearing was held. Defendant Hussmann, through its foreman, presented evidence to support the selection of plaintiffs herein. The union presented evidence on behalf of the grievants. None of the plaintiffs, whose classifications were being challenged, were notified by defendant Union or defendant Hussmann of the hearing; there was some evidence, however, that some, if not all, of the plaintiffs knew of the hearing. On October 3, 1975, the arbitrator issued his decision awarding the classification of maintenance pipe fitter to the following individuals: Dattilo; Pasley; Smith; Watson; Krassinger; and Serini. This meant that there were six employees for only four openings. Additionally, the arbitrator had stated the wrong seniority date for one employee and had awarded another employee a position for which he had not bid. Defendants therefore asked the arbitrator to clarify the award. A meeting was held on October 31, 1975 at which no additional testimony was offered. None of the employees involved were notified of the meeting. The arbitrator was shown the seniority dates of various employees and was asked to rank the persons entitled to the jobs. On November 4, 1975, the arbitrator issues a supplemental decision, awarding the classifications to the following individuals in the order set forth: Dattilo, Krassinger, Watson, Pasley. Plaintiffs thereafter attempted to file a grievance. *1146 Defendant Union, however, refused to accept the same.
It is the Court's conclusion that the jury's advisory verdict should be rejected and that defendants' motions should be granted. The Court is of the opinion that plaintiffs have failed to establish a breach of the duty of fair representation or a breach of the contract.
The gravamen of plaintiffs' complaint is that they were not given notice of the arbitration hearing and thus were not present; that the issue was resubmitted to the arbitrator after the first decision was rendered even though the decision of the arbitrator under the terms of the collective bargaining agreement was to be final; and that the union failed to accept grievances following the second decision of the arbitration.
Under the circumstances that existed herein, the Court concludes that no breach of the duty of fair representation, or of the contract itself, occurred upon a failure to notify plaintiffs of the arbitration hearing. In Thompson v. International Association of Machinists, 258 F.Supp. 235 (E.D.Va.1966), the Court held that the union breached its duty of fair representation in failing to notify the member-grievant of the hearing. The Court noted, however, that
[t]he union knew that no other witnesses would testify for him [the grievant]. Under these circumstances his presence was essential for a fair hearing. The union representative's preparation was perfunctory. He failed to investigate Thompson's complaint properly as evidenced by his lack of knowledge . . ..
. . . . .
Taken singly the union's omissions might not constitute lack of fair representation. . . . It is the failure to give notice coupled with inadequate preparation and presentation that demonstrates a breach of the union's duty to represent Thompson properly. Id. at 239. [Emphasis added].
In the instant case, plaintiffs' positions were defended by the Company's representative. Since the Company had chosen plaintiffs on the basis of their qualifications, the Company defended that selection at the arbitration hearing. Defendant Union did not breach its duty to plaintiffs simply because it pursued the grievances of other members who sought to displace plaintiffs in the classification. Cf., Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); Ford Motor Company v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). Plaintiffs' interests were adequately represented by defendant Company. Under these circumstances, no liability should attach for the failure to notify plaintiffs of the arbitration hearing. Ramsey v. National Labor Relations Board, 327 F.2d 784 (7th Cir. 1964); Siskey v. Teamsters Local 261, 419 F.Supp. 48 (W.D. Pa.1976); Whitten v. Anchor Motor Freight, Inc., 521 F.2d 1335 (6th Cir. 1975).
The Court also concludes that there was no breach of the duty of fair representation, nor breach of the collective bargaining agreement in re-submitting the arbitration decision to the arbitrator. The decision as originally rendered could not be implemented by the parties; six men had been chosen for four openings. The proper course of action was to resubmit the same to the arbitrator for clarification. Hanford Atomic Metal Trades Council, AFL-CIO v. General Electric Company, 353 F.2d 302 (9th Cir. 1965); Smith v. Union Carbide Corporation, 350 F.2d 258 (6th Cir. 1965); International Brotherhood of Electrical Workers, Local 369, AFL-CIO v. Olin Corporation, 471 F.2d 468 (6th Cir. 1972); Local 719, American Bakery and Confectionery Workers of America, AFL-CIO v. National Biscuit Company, 378 F.2d 918 (3d Cir. 1967).
Plaintiffs lastly contend that the union failed to accept their grievances, following the supplemental decision of the arbitrator. At that point in time, the union held the belief that the arbitration decision was then final and that no more grievances could be filed. The actions of the union in *1147 refusing the grievances failed to evidence any of the arbitrariness, discrimination or bad faith required to sustain a claim of breach of the duty of fair representation. Cf., Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).
Accordingly, defendants' motion will be granted and plaintiffs' motion for supplementary judgment in accordance with the jury's advisory verdict will be denied.