Charles W. SMITH, John Pasley and Ralph Serini, Plaintiffs,

v.

HUSSMANN REFRIGERATOR CO. and Local 13889, United Steel Workers of America, Defendants.

No. 76–126C(2).

United States District Court, E. D. Missouri, E. D.

Feb. 2, 1981.

Louis Gilden, St. Louis, Mo., for plaintiffs.

Mark J. Bremer, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., Byron A. Roche & Burton Halpern, Bridgeton, Mo., for defendant Hussmann.

John Goffstein, Bartley, Goffstein, Bollato & Lange, St. Louis, Mo., for defendant U. S. Steelworkers Local.

## MEMORANDUM

NANGLE, District Judge.

This case is now before the Court on the motions of plaintiffs and defendant Local Union 13889, United Steelworkers of America ("the Union"), for awards of attorneys' fees. Also to be considered at this time, pursuant to the mandate of the United States Court of Appeals for the Eighth Circuit, *Smith v. Hussmann Refrigerator Co.*, 619 F.2d 1229, 1246 (8th Cir. 1980), is plaintiffs' request for judgment in accordance with the jury's advisory verdict.

■ The Union's request for attorneys' fees will be dealt with first. Though the Union ultimately prevailed with respect to plaintiff Pasley's discrimination claims, see *Smith v. Hussmann Refrigerator Co.*, 433 F.Supp. 690 (E.D.Mo.1977), aff'd 619 F.2d 1229, 1243–1244 (8th Cir. 1980), this Court can not characterize those claims as frivolous, unreasonable or without foundation. *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Regardless of the propriety of awarding attorneys' fees to a defendant when the plaintiff prevails on some issues, therefore, an award of attorneys' fees to the Union is inappropriate herein. *Bowers v. Kraft Food Co.*, 606 F.2d 816 (8th Cir. 1979).

■ Plaintiffs herein, after extensive litigation, eventually prevailed on their claim that the Union breached its duty of fair representation and that Hussmann breach-

ed the collective bargaining agreement. Plaintiffs now request an award of attorneys' fees because, they claim, the evidence shows that defendants acted in bad faith in the events which gave rise to this litigation. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Richardson v. Communications Wkrs. of America,* 530 F.2d 126, 132–133 (8th Cir. 1976). This Court can not so characterize defendants' conduct, and attorneys' fees will therefore not be awarded herein.

The only basis of liability which the appellate court ultimately sustained was that defendants deprived plaintiffs of valuable employment rights when they sought a modification of the arbitrator's initial award without giving plaintiffs notice or an opportunity to be heard. *Smith,* supra at 1253. This Court can not conclude that this breach of defendants' duties towards plaintiffs constitutes the necessary "bad faith" to justify an award of attorneys' fees. Were the facts of this case sufficient to justify such a finding, an award of attorneys' fees in cases alleging a breach of the duty of fair representation would become the rule rather than the exception. Though the decision herein ultimately disapproved of defendants' conduct, the difficulty of the courts in reaching this conclusion testifies to the fact that defendants' conduct was not clearly and obviously wrongful. Defendants acted at all times without personal animosity towards plaintiffs and at all times proceeded in a manner they felt appropriate. Plaintiffs' request for attorneys' fees will be denied.

■ Finally, plaintiffs seek equitable relief in accordance with the jury's advisory verdict. In answers to special interrogatories, the jury found that plaintiffs Smith and Serini should be awarded the classification of maintenance pipefitter and that plaintiff Pasley's seniority as maintenance pipefitter should be changed. The Court of Appeals recognized that this Court is at liberty to accept or reject the advisory findings of the jury. *Smith,* supra at 1246.

After a review of all the relevant evidence, this Court believes that equitable relief is inappropriate. Almost six years have passed since the events in question. To go back at this time and adjust the positions and seniorities of plaintiffs would be extremely unfair to those other employees who would be affected. Furthermore, the jury awarded damages to plaintiffs Smith and Pasley which reflect, to some extent, the reasonably foreseeable future losses attributable to defendants' conduct. Id. This damage award compensates these plaintiffs for the denial of the maintenance pipefitter classification. To award them the classification they seek is therefore unnecessary. Likewise, this Court does not believe it is now necessary to adjust Serini's seniority. Plaintiffs' motion will therefore be denied.